UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BILLY MARTIN LEROY SMITH,

    Plaintiff,

v.                                               Case No. 1:16-cv-368
                                               Hon. Paul L. Maloney

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

        Plaintiff has filed this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision the Commissioner of the Social Security Administration (Commissioner). In that decision, entered on September 26, 2014, Administrative Law Judge (ALJ) Ramona Scales found that plaintiff had not been under a disability from December 15, 2012 through September 26, 2014. *See* Decision (ECF No. 6-2, PageID.63-73). Prior to briefing the merits of the case, the parties stipulated to remand this matter pursuant to sentence of 42 U.S.C. § 405(g) because significant portions of the medical expert testimony were inaudible and the Commissioner was unable to prepare a complete transcript. *See* Stipulation (ECF No. 10). On August 3, 2016, the Court entered an order of remand pursuant to sentence six for the purpose of preparing a transcript. *See* Order of Remand (ECF No. 11). As is the procedure in sentence six remands, the case was administratively closed for the duration of the administrative proceedings, with instructions that "[w]ithin 30 days after a final administrative decision, the parties shall advise the court, in writing, regarding whether this case should be dismissed or a new briefing schedule implemented." *Id.* at

1

PageID.695.

This matter is now before the Court on defendant's unopposed "Motion to reopen the case to enter dismissal" (ECF No. 12).  Defendant has provided few records of the matters which occurred on remand.  It appears that ALJ Scales' 2014 decision was vacated and that plaintiff was to have a new administrative hearing based upon his original request for hearing back on March 15, 2013.  *See* Request for hearing (ECF No. 6-4, PageID.157).  In her motion, defendant states that plaintiff failed to appear for his re-scheduled hearing and did not respond to the ALJ's request that he show cause for this failure.  For these reasons, ALJ Scales dismissed plaintiff's March 15, 2013 request for a hearing and stated that the initial denial of plaintiff's claim on February 27, 2013 remains in effect.  *See* Order of Dismissal (ECF No. 12-1, PageID.701-702).  Defendant further states the Agency's counsel attempted to resolve this matter prior to filing the present motion:

> Social Security's Office of the General Counsel reached out to Plaintiff's counsel in September 2018, January 2019, and May 2019, to determine if Plaintiff would stipulate to the dismissal of this case. Plaintiff's counsel has advised that the Commissioner should simply file this motion and note that he has no authority to consent because he has not had contact with the Plaintiff for a long time.

Defendant's Motion at PageID.697.

Based on this record, the Court concludes that plaintiff has abandoned this Social Security Appeal.  There is no reason for the Court to retain jurisdiction over this matter.  Accordingly, plaintiff's appeal should be re-opened and the case dismissed with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).[1]

---

[1] Fed. R. Civ. P. 41(b) provides in pertinent part that, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.")

## II. Recommendation

For these reasons, I respectfully recommend that defendant's motion (ECF No. 12) be **GRANTED,** that this action be **RE-OPENED**, and that this action be **DISMISSED** with prejudice pursuant to Fed. R. Civ. P. 41(b).


Dated:  June 12, 2019         /s/ Ray Kent
                              United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).